IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF MONTANA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>Residence of Robert Redfield and Outbuilding<br><br>303 North 3rd Avenue<br>Lodge Grass, Montana 59050<br><br>(a single level gray house with a blue roof on the corner of northeast 3rd Avenue and Helen Street and a multi-colored single level outbuilding) | Case No. MJ 21-14-BLG-TJC<br><br>AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE |

I, Jeramie Middlestead, being first duly sworn, depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.  I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the search of the residence of Robert Redfield located at 303 North 3rd Avenue, Lodge Grass, Montana 59050, described as a single level gray house with a blue roof on the northeast corner of 3rd Avenue and Helen Street, and a single level multi-colored outbuilding.

2. I am a detective with the Big Horn County Sheriff's Office and a Task Force Officer with the United States Drug Enforcement Administration (DEA). I have worked for the Big Horn County Sheriff's Office since January of 2014, becoming a detective in 2018. I was appointed as a Task Force Officer with DEA on January 7, 2020. Prior to my current assignment, I worked for five years as a patrol deputy with the Big Horn County Sheriff's Office. I have received formal training by the State of Montana Law Enforcement Academy as well as private sector training programs in conducting felony and misdemeanor investigations of crimes. I currently hold a Basic Peace Officer Certification in the State of Montana.

3. As a result of my experience and training, I have conducted and/or participated in many investigations, to include, but not limited to, physical and electronic surveillances, questioning of witnesses, suspects, and informants, applications and executions of search, seizure, and arrest warrants, evidence collection, financial crimes, and recognition of controlled substances. I also have training and experience in the recognition of paraphernalia used for ingesting, distributing, manufacturing, and storing controlled substances, as well as recognizing conduct common to drug traffickers.

4. The information in this affidavit is based upon my own personal knowledge, as well as information received from witnesses and other law

enforcement sources. Because this affidavit is made for the limited purpose of establishing probable cause to search the residence and outbuilding described in this affidavit, I have not recited each and every fact known to me as a result of the investigation described below.

5. Based on your Affiant's training, experience, and participation in previous investigations, your Affiant knows:

6. That drug traffickers possess controlled substances such as methamphetamine, cocaine, ecstasy, and heroin, as well as packaging material including plastic wrap, Ziploc bags, cutting agents, scales, vacuum sealed bags, vacuum sealers, and measuring cups.

7. That traffickers in controlled substances often use and possess books, records, receipts, notes, ledgers, address books, hand written notes, and other papers relating to the transportation, ordering, purchase, possession, and distribution of controlled substances, including bank statements, checking accounts, and safe deposit boxes.

8. That traffickers in controlled substances often use and possess financial proceeds of dealing in controlled substances, namely currency of the United States or other countries, financial instruments including money orders or

wire transfers, which are evidence of proceeds of drug trafficking and money laundering, or which have been used or are intended to be used to further drug trafficking and money laundering business.

9. That traffickers in controlled substances often use and possess papers, tickets, notes, receipts, and other items relating to domestic or international travel.

10. That traffickers in controlled substances often use and possess documentary evidence in the form of vehicle titles and registration receipts reflecting the acquisition, ownership, and/or registration of vehicles.

11. That traffickers in controlled substances often use and possess documents that may aid in the identification of and/or the current location of controlled substances and/or proceeds from controlled substance transactions, including storage unit receipts, safe deposit box records, and rental agreements.

12. That traffickers in controlled substances often use and possess weapons, to include firearms, ammunition, knives, or explosives, which may be used to protect and/or guard controlled substances, and/or the personal security of the drug traffickers.

13. That in the process of weighing, packaging, processing, and hiding of contraband, small amounts of controlled substances are often left behind and adhere to scales, safes, and containers they have been stored in.

14. In virtually all the prior drug search warrants your Affiant has been involved in, where contraband has been located, documents, records, and/or proceeds of the sale of controlled substances have also been found.

15. That persons involved in trafficking drugs conceal currency, financial instruments, and/or proceeds or negotiable instruments of drug transactions, and evidence of financial transactions relating to obtaining, transferring, secreting, or spending of money made from engaging in drug activity.

16. That persons involved in trafficking drugs often possess and distribute more than one controlled substance, the common substances being, methamphetamine, cocaine, ecstasy, and heroin.

17. The purpose of this search warrant is to seize evidence of violations of 21 U.S.C. § 841(a)(1), possession with intent to distribute controlled substances and 18 U.S.C. § 922(g)(3), unlawful drug user and addict in possession of firearms and ammunition.

## PROBABLE CAUSE

18.     As part of an ongoing methamphetamine trafficking investigation in Big Horn County, Montana, involving BIA, DEA and the Big Horn County Sheriff's Office, law enforcement has identified Robert Redfield as a distributor of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), in Lodge Grass, Montana.

19.     On March 23, 2021, while executing federal arrest warrants for Robert Redfield and Krystal Firebear, issued in Cause Number CR 20-77-BLG-SPW, at the residence of Richard Redfield located at 303 North 3rd Avenue, in Lodge Grass, I approached the residence and identified Redfield visually through the open front door.  At this point, Redfield closed the door.  I, and another law enforcement officer, kicked the door in and pursued Redfield.  Redfield resisted arrest in the living room, but after a brief struggle was handcuffed and detained.

20.     A security sweep of the residence was conducted to ensure that there were no other persons in the residence for officer safety.  While conducting that security sweep, in plain view on the living room coffee table, was a glass jar with a white crystalline substance believed by me to be methamphetamine.  In addition, there was drug paraphernalia on the coffee table to include a light bulb converted

into a methamphetamine pipe. I also saw a scale near the methamphetamine and methamphetamine pipe on the coffee table.

21. Also, while conducting the security sweep of the residence, I saw in plain view several firearms and ammunition throughout the house. Through a previous recorded interview with Firebear that I conducted on February 14, 2020, I learned from Firebear that both she and Redfield are abusers of methamphetamine and other controlled substances. The warrants I was executing, on March 23, 2021, are related to an indictment returned in CR 20-77-BLG-SPW, charging Redfield and Firebear with being unlawful drug users and addicts in possession of firearms and ammunition, as well as a charge of possession with intent to distribute methamphetamine against Redfield.

22. Based upon my historical knowledge through witness interviews, I learned that Redfield kept firearms in the above-described outbuilding.

## CONCLUSION

23. I submit that this affidavit supports probable cause for a search of the residence and outbuilding as described in this affidavit for the items described in Attachment B.

Respectfully submitted,

*[signature]*

Jeramie Middlestead
Task Force Officer
Drug Enforcement Administration

Sworn to before me over the telephone and signed by me pursuant to Federal Rules of Criminal Procedure 4.1 and 4(d) on the __23__ day of March, 2021.

*[signature]*

TIMOTHY J. CAVAN
United States Magistrate Judge